UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

In re:                                                    Chapter 11

    DAVID WEBB, INC.                   Case No. 09-13997 (BRL)

               Debtor.
-------------------------------------------------------------

**ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AUTHORIZING AND APPROVING THE SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") dated April 26, 2010 of David Webb, Inc. (the "Debtor") in the above-captioned chapter 11 case (the "Case"), for the entry of an order pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002(a)(2) and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 2002-1 and 6004-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), inter alia (i) approving the sale (the "Sale") of the Purchased Assets[1] (collectively, the "Purchased Assets") to Friends of Webb LLC or its designee (the "Purchaser"), pursuant to the terms of the Asset Purchase Agreement dated as of April 23, 2010 between the parties (the "APA"), a copy of which is annexed hereto as Exhibit "A", (ii) authorizing the Debtor to consummate all of the transactions described in the APA and the Transaction Documents (as such term is defined in the APA), and (iii) granting other relief, all as more fully set forth in the Motion; and the Debtor, having determined that Purchaser's offer, as reflected in the APA, is the highest and best offer for the Purchased Assets, and the Sale Hearing having been held before the Court on May 20, 2010, at which time the

---

[1] Unless otherwise defined in this Order, capitalized terms used herein shall have the meanings ascribed to such terms in the Motion or the APA, as applicable.

Debtor, requested that the APA be approved as the highest and best offer for the Purchased Assets; and upon the full record of the Sale Hearing; and upon all of the submissions filed herein and all prior proceedings in this Case; and upon the Notice of the Motion dated April 26, 2010 (the "Notice"); and upon the affidavits of service of the Notice and the Motion filed with the Court; and any objections to the Sale having been overruled by the Court; and the Court having found that Purchaser, together with its successors, assigns or designees, has submitted an offer for the Purchased Assets that the Debtor deems to be the best transaction available to the Debtor's estate, and after due deliberation and sufficient cause appearing therefor; it is

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. This Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue of the Case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The predicates for the relief sought in the Motion are sections 105(a) and 363 of the Bankruptcy Code and Federal Bankruptcy Rules 2002, 6004 and 9014.

C. Proper, timely, adequate and sufficient notice of the Notice and the Motion and the relief requested therein, the Sale Hearing, the Sale and purchase of the Purchased Assets, and related transactions described in the APA (all such transactions being collectively referred to as the "<u>Sale Transaction</u>"), and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein, has been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 to all interested persons and entities, including (i) the United States Trustee; (ii) counsel to Purchaser;

(iii) counsel to the official committee of unsecured creditors; (iv) all persons or entities known to be asserting a lien or other interest in any of the Debtor's assets; (v) all persons or companies who have expressed an interest in purchasing Debtors assets; (vi) all parties who have filed a notice of appearance in the Case; (vii) the United States Attorney's office; and (viii) all applicable federal, state and local taxing authorities. Such notice was good, sufficient and appropriate under the particular circumstances. No other or further notice of the Sale, the Motion, the Sale Hearing, or of the entry of this Order is necessary or shall be required.

D. As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing; and (ii) the representations of counsel made on the record at the Sale Hearing, the Debtor has fully and fairly marketed the Purchased Assets and conducted the sale process in compliance with the APA.

E. Approval of the APA and consummation of the Sale Transaction is in the best interests of the Debtor, its creditors, its estate, and other parties in interest.

F. The terms of the APA are the highest and best terms that have been offered for the Sale of the Purchased Assets.

G. The Debtor has a demonstrated good, sufficient, and sound business purpose and justification for the Sale, and the Sale will serve the best interests of the Debtor, its estate and creditors by maximizing the values obtained from the Purchased Assets.

H. The APA was negotiated, proposed and entered into by and between the Debtor and Purchaser, without collusion, in good faith, and from arm's-length bargaining positions. Purchaser has not engaged in any conduct that would cause or permit the avoidance of the APA or the consummation of the Sale Transaction, or the imposition of costs or damages under section 363(n) of the Bankruptcy Code. Based on the entire record of the Sale Hearing, the Court is satisfied as to the good faith of Purchaser in respect of Purchaser's conduct regarding

the sale process, and, accordingly, the Court finds Purchaser to be entitled to a finding of good faith under Section 363(m) of the Bankruptcy Code.

I.  Purchaser is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. Purchaser has at all times acted in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the Sale Transaction. Purchaser is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code.

J.  The terms and conditions of the APA are fair and reasonable, in the best interests of the Debtor's estate, and satisfy the heightened scrutiny and entire fairness doctrine in light of the active role of the Debtor to maximize value and their respective professionals, and the inadequacy of other bids.

K.  The consideration provided by Purchaser for the Purchased Assets pursuant to the APA (i) is fair and reasonable; (ii) is the highest and best offer for the Purchased Assets; (iii) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative; and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the applicable laws of the United States, any state, territory, possession, or the District of Columbia.

L.  Neither the Debtor nor Purchaser is or will be liable to any agent, broker, person or firm acting or purporting to act on behalf of either the Debtor or Purchaser for any commission, broker's fee or finder's fee respecting the Sale Transaction.

M.  Subject only to entry and effectiveness of this Order, the Debtor and Purchaser have full corporate power and authority to execute and deliver the APA, consummate the Sale Transaction pursuant to the APA and all other documents contemplated thereby, and to perform all of their respective obligations thereunder, and the sale and assignment of the Purchased Assets has been duly and validly authorized by all corporate authority of the Debtor

necessary to consummate the Sale Transaction. No consents or approvals, other than as expressly provided for in the APA and the entry of this Order, are required by the Debtor to consummate the Sale Transaction.

N. Purchaser has the wherewithal, financial and otherwise, to perform its obligations pursuant to the APA.

O. The APA provides for the assignment of the Purchased Assets from the Seller directly to Purchaser.

P. The transfer of the Purchased Assets to Purchaser will be a legal, valid, and effective transfer of the Purchased Assets, and will vest Purchaser with all rights, title, and interest of the Debtor in and to the Purchased Assets free and clear of all Liens, Claims and/or Interests (as defined herein), with all such Liens, Claims and/or Interests to attach to the sale proceeds in the same order of priority and with the same validity and enforceability as they had immediately before the closing of the Sale Transaction (the "<u>Closing</u>"), subject to all defenses thereto.

Q. Purchaser shall have no liability for any claims against the Debtor or its estate or any liabilities or, obligation of the Debtor or its estate to any person or entity whatsoever. Purchaser would not enter into the APA, and Purchaser would not agree to acquire the Purchased Assets, if the Sale of the Purchased Assets were not free and clear of any and all Liens, Claims and/or Interests. A sale of the Purchased Assets other than one free and clear of all Liens, Claims and/or Interests would adversely impact the Debtor's estate, and would yield substantially less value for the Debtor's estate, with less certainty than the Sale Transaction. Therefore, the Sale Transaction contemplated in the APA is in the best interests of the Debtor, its estate, and its creditors, and all other parties in interest.

R. The Debtor may sell the Purchased Assets free and clear of all Liabilities (as defined below), liens, interests, obligations, rights, encumbrances, pledges, mortgages, deeds

of trust, security interests, claims (including, any "claim" as defined in section 101(5) of the Bankruptcy Code), leases, charges, options, rights of first refusal, easements, servitudes, proxies, voting trusts or agreements, transfer restrictions under any agreement, conditional sale or other title retention agreements, judgments, hypothecations, demands, licenses, sublicenses, assignments, debts, claims based on any theory of successor liability, de facto merger or substantial continuity, obligations, guaranties, options, contractual commitments, restrictions, employee benefit obligations, collective bargaining agreements, claims based on pension plan contributions and related liabilities, environmental liabilities, tax liabilities, and options to purchase, in each case of whatever kind, nature, or description in, against or with respect to the Debtor or any of the Purchased Assets, having arisen, existed or accrued prior to and through the Closing, whether direct or indirect, absolute or contingent, choate or inchoate, known or unknown, matured or unmatured, liquidated or unliquidated, arising or imposed by agreement, understanding, law, equity, statute or otherwise and whether arising prior to, on or after the Petition Date (collectively, "<u>Liens, Claims and/or Interests</u>"), because one or more of the standards set forth in section 363(f) of the Bankruptcy Code have been satisfied with regard to each such Lien, Claim and/or Interest. Those non-Debtor parties with Liens, Claims and/or Interests in or with respect to the Purchased Assets who did not object, or who withdrew their objections to the Sale or the Motion are deemed to have consented to the sale of the Purchased Assets free and clear of those non-Debtor parties' Liens, Claims and/or Interests in the Purchased Assets pursuant to section 363(f)(2) of the Bankruptcy Code. FCC, LLC d/b/a First Capital, the only creditor known to hold a secured Claim against the Debtor's estate, has consented to the Sale, and will be paid the full amount of its Secured Claim from the proceeds of the sale, to be payable by the Debtor on or immediately following the Closing.

    S.  The transfers of the Purchased Assets to Purchaser (i) do not constitute avoidable transfers under the Bankruptcy Code or under any applicable bankruptcy or non-

bankruptcy law; and (ii) do not and will not subject Purchaser to any liability whatsoever with respect to the operation of the Debtor's business prior to the Closing or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, in any theory of law or equity including, without limitation, any laws affecting antitrust, successor, transferee or vicarious liability.

T. The Sale Transaction does not amount to a consolidation, merger or de facto merger of Purchaser and the Debtor or the Debtor's estate, there is not substantial continuity between Purchaser and the Debtor, there is no common identity between the Debtor and Purchaser, there is no continuity of enterprise between the Debtor and Purchaser, nor is Purchaser a mere continuation of the Debtor or its estate, and Purchaser is not a successor to the Debtor or its estate. Purchaser shall not have any obligations with respect to any liabilities of the Debtor or the Business (as such term is defined in the APA).

U. The Purchaser and the Debtor have agreed that nothing contained in any plan confirmed in this Case or any order of this Court confirming such plan shall conflict with or derogate from the provisions of the APA or the terms of this Order.

V. The consummation of the Sale Transaction is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f) and 363(m) of the Bankruptcy Code and all of the applicable requirements of such sections have been or will be complied with in respect of the Sale as of the effective date of assignment.

W. In order to maximize the value of the Purchased Assets, it is essential that the Sale and assignment of the Purchased Assets occur within the time constraints set forth in the APA. Accordingly, and in light of there being no objections to the Motion, there is cause to waive the stay contemplated by Bankruptcy Rule 6004.

X. Any unresolved objections or responses to the approval of the Motion that were filed have been rendered moot, resolved or are otherwise overruled, in whole or in part, in accordance with the findings, terms and provisions of this Order.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

<u>**General Provisions**</u>

1. The Motion is granted in its entirety.

2. The findings of fact set forth above and conclusions of law stated herein shall constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

3. Approval of the APA, the Sale Transaction, and all of the terms and conditions and transactions contemplated by the APA are hereby authorized and approved pursuant to sections 105(a) and 363(b), (f) and (m) of the Bankruptcy Code.

4. The Debtor is authorized and directed to execute and deliver, and empowered to perform all acts under, consummate, and implement the APA, including issuing any credits to Purchaser as set forth therein and in the Inducement Agreement, together with all additional instruments and documents that may be reasonably necessary, convenient or desirable to implement the APA and effectuate the provisions of this Order and the transactions approved hereby, and to take all further actions as may be requested by Purchaser, as the case may, be for the purpose of consummating the transactions contemplated in the APA and assigning, transferring, granting, conveying and conferring to Purchaser or reducing to possession, the

Purchased Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the APA.

**Transfer of the Purchased Assets**

5. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, upon the Closing, the Purchased Assets (and good and marketable title to such Purchased Assets) and all of the Debtor's rights, title and interest therein shall be transferred to Purchaser, free and clear of any and all Liens, Claims and/or Interests of any person or entity, with all such Liens, Claims and/or Interests to attach to the net cash proceeds of the Sale Transaction received by the Debtor in the order of their priority, with the same validity, force and effect which they now have as against the respective Purchased Assets, subject to any claims and defenses, setoffs or rights of recoupment the Debtor may possess with respect thereto; and Purchaser shall take title to such Purchased Assets free and clear of all Liens, Claims and/or Interests.

6. All persons and entities (and their respective successors and assigns) including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade and other creditors, holding any Liens, Claims and/or Interests (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated) against, in or with respect to the Debtor, the Debtor's estate, and/or the Purchased Assets arising or accruing under or out of, in connection with, or in any way relating to, the Debtor, the Purchased Assets, the operation of the Debtor's business prior to the Closing, or the transfer of the Purchased Assets to Purchaser, hereby are forever barred, estopped, and permanently enjoined from asserting any and all such Liens, Claims and/or Interests against the Purchased Assets, Purchaser and/or Purchaser's affiliates, designees, assignees, successors, properties, or assets, including, but not limited to: (i) from commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without expressed or implied limitation, any thereof in a judicial, arbitral,

administrative or other forum) against or affecting the Purchased Assets, Purchaser and/or Purchaser's affiliates, designees, assignees, successors, properties or assets; (ii) from enforcing, levying, attaching (including, without expressed or implied limitation, any prejudgment attachment), collecting or otherwise recovering by any means or in any manner, whether directly or indirectly, any judgment, award, decree, or other order against the Purchased Assets, Purchaser and/or Purchaser's affiliates, designees, assignees, successors, properties or assets; (iii) from creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any Lien, Claim and/or Interest against the Purchased Assets, Purchaser and/or Purchaser's affiliates, designees, assignees, successors, properties or assets; and (iv) from setting off, seeking reimbursement of, contribution from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability owed to the Debtor or affecting the Purchased Assets. Following the Closing Date, no holder of any Lien, Claim and/or Interest shall in any way interfere, with Purchaser's title to or use and enjoyment of the Purchased Assets based on or related to any Lien, Claim and/or Interest or any actions that the Debtor has taken or may take with respect to such Lien, Claim and/or Interest. Effective upon the Closing, Purchaser shall have no liability for any claims (as defined in section 101(5) of the Bankruptcy Code) whatsoever against the Debtor, its estate, the Purchased Assets or the Business (as such term is defined in the APA).

7.  Purchaser has not assumed nor is it otherwise obligated for any of the Debtor's liabilities, nor has Purchaser acquired any of the Excluded Assets. Consequently, all persons and Governmental Units (each as defined in sections 101(27) and 101(41) of the Bankruptcy Code) and all holders of any Liens, Claims and/or Interests based upon or arising out of any liabilities of the Debtor are hereby enjoined from taking any action against Purchaser, or the Purchased Assets, including asserting any setoff, right of subrogation or recoupment of any kind, to recover any Liens, Claims and/or Interests or on account of any liabilities of the Debtor.

All persons holding or asserting any Lien, Claim and/or Interest on the Excluded Assets are hereby enjoined from asserting or prosecuting such Lien, Claim or Interest or cause of action against Purchaser or the Purchased Assets for any liability associated with the Excluded Assets.

8. Under no circumstances will Purchaser be deemed a successor of or to the Debtor with respect to any liability or Lien, Claim and/or Interest of the Debtor as a result of the consummation of the Sale Transaction contemplated by the APA or any other event occurring in this Case under any theory of law or equity, and Purchaser shall not assume, or be deemed to assume, or in any way be responsible for any liability or obligation of the Debtor and/or its estate, including, but not limited to, any bulk sales law, any tax law, successor liability, liability or responsibility for any claim against the Debtor or against an insider of the Debtor, or similar liability, and the Motion contains sufficient notice of such limitation in accordance with rule 6004-1 of the Local Bankruptcy Rules. The sale and assignment of the Purchased Assets and the Sale Transaction approved hereby, will not cause Purchaser to be deemed a successor in any respect to the Debtor. In the event that Purchaser elects to be treated as a successor employer under section 3121(a)(1) of the Internal Revenue Code, or makes an election to assume, on an employee by employee basis, immigration-related liabilities with respect to former employees of the Debtor hired by Purchaser, Purchaser shall not by reason of any such election be deemed to have assumed any other liabilities or to be a successor for any other purpose.

9. The transfer of the Purchased Assets to Purchaser pursuant to the APA constitutes a legal, valid, and effective transfer of the Purchased Assets, and shall vest Purchaser with all rights, title, and interest of the Debtor in and to the Purchased Assets.

10. To the greatest extent available under applicable law, Purchaser shall be authorized, as of the Closing Date, to operate under any license, permit, registration, and any other governmental authorization or approval that the Debtor has with respect to the Purchased Assets, and all such licenses, permits, registrations, and governmental authorizations and

approvals are deemed to have been, and hereby are, directed to be transferred to Purchaser as may be provided under, and consistent with the terms of the APA as of the Closing Date.

11. All of the Debtor's interest in the Purchased Assets to be acquired by Purchaser under the APA shall be, as of the Closing Date and upon the occurrence of the Closing, transferred to and vested in Purchaser. Upon the occurrence of the Closing, this Order may be considered and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Purchased Assets acquired by Purchaser under the APA and/or a bill of sale or assignment transferring indefeasible title and interest in the Purchased Assets to Purchaser.

12. To the extent provided by section 525 of the Bankruptcy Code, no Governmental Unit may revoke or suspend any permit or license relating to the operation of the Purchased Assets sold, transferred or conveyed to Purchaser on account of the filing or pendency of the Case or the consummation of the Sale Transaction contemplated by the APA.

**Additional Provisions**

13. Prior to or upon the Closing of the Sale Transaction, each of the Debtor's creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release their Liens, Claims and/or Interests, if any, in the Purchased Assets, as any such Liens, Claims and/or Interests that may have been recorded or may otherwise exist.

14. This Order (i) shall be effective as a determination that, upon the Closing, all Liens, Claims and/or Interests existing with respect to the Debtor and/or the Purchased Assets prior to the Closing have been unconditionally released, discharged and terminated as to Purchaser and the Purchased Assets, and that the conveyances described herein have been effected; and (ii) shall be binding upon all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all

other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets.

15. Each and every federal, state, and local governmental agency or department or office is hereby (i) directed to accept this Order and any and all documents and instruments necessary and appropriate to consummate the Sale Transaction; and (ii) upon presentation of a copy of this Order, directed to remove or expunge of record any and all Liens, Claims and/or Interests that were of record immediately prior to the Closing with respect to the Purchased Assets.

16. The provisions of this Order authorizing the sale and assignment of the Purchased Assets free and clear of all Liens, Claims and/or Interests, shall be, self-executing, and neither the Debtor nor Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order; provided, however that this paragraph shall not excuse such parties from performing any and all of their respective obligations under the APA. However, if any person or entity that has filed financing statements, mortgages, mechanic's liens, or other documents or agreements evidencing interests with respect to the Debtor and/or the Purchased Assets shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Debtor, the Purchased Assets or otherwise, then (i) the Debtor is hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Purchased Assets; and (ii) Purchaser and/or the Debtor, as the case may be, are hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once

filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Liens, Claims and/or Interests in, against or with respect to the Purchased Assets. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, and local governmental agency, department, or office.

17. All entities who are presently, or on the Closing may be, in possession of some or all of the Purchased Assets are hereby directed to immediately surrender possession of the Purchased Assets to Purchaser, upon the Closing.

## **MISCELLANEOUS**

18. No bulk sales law, or similar law of any state or other jurisdiction, shall apply in any way to, the Sale Transaction, the Motion and this Order.

19. This Court hereby retains jurisdiction, regardless of whether a plan of reorganization has been confirmed and consummated and irrespective of the provisions of any such plan or order confirming such plan, to enforce and implement the terms and provisions of the APA, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects including, but not limited to, retaining jurisdiction to (i) compel delivery of the Purchased Assets to Purchaser; (ii) resolve any dispute, controversy or claim arising under or related to the APA, or the breach thereof; and (iii) interpret, implement, and enforce the provisions of this Order and resolve any disputes related thereto.

20. Purchaser shall be entitled to use the Debtor's Store for up to four (4) days after the Closing Date and the landlord of the Store ("Landlord") may seek rent or use and occupancy charges for such four (4) day period solely from the Debtor.

21. The Debtor is permitted to pay, from the proceeds of the sale received at the Closing, (i) the full amount of the FCC Secured Claim (in the approximate sum of $2,750,000.00); and (ii) the full amount of Landlord's post-petition rent administrative claim (in

the approximate sum of $250,000.00 plus any per diem rental charges incurred and owing at the time of the Closing). The balance of the net cash proceeds paid by the Purchaser to the Debtor at the Closing shall be retained in escrow by the law firm of Kaufmann Gildin Robbins & Oppenheim LLP, and disbursed only pursuant to the further orders of this Court.

22. Nothing contained in any plan confirmed in this Case or any order of this Court confirming such plan shall conflict with or derogate from the provisions of the APA or the terms of this Order.

23. The Sale Transaction is undertaken by Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code. Purchaser is a purchaser in good faith of the Purchased Assets and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code. The Sale Transaction approved by this Order is not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code. Accordingly, any reversal or modification on appeal of the authorization provided herein to consummate the Sale Transaction shall not affect the validity of the Sale Transaction to Purchaser, unless such authorization is duly stayed pending such appeal.

24. The terms and provisions of the APA and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate, the Debtor's creditors, the Debtor's shareholders, Purchaser, and any of such parties' respective affiliates, designees, successors, and assigns, and shall be binding in all respects upon all of the Debtor's creditors and shareholders, all prospective and actual bidders for some or all of the Purchased Assets, and all persons and entities receiving notice of the Motion, and the Sale Approval Hearing notwithstanding any subsequent appointment of any trustee(s), examiner(s), or receiver(s) under any chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee(s), examiner(s), or receiver(s) and shall not be subject to

rejection or avoidance by the Debtor, its estate, its creditors, its shareholders or any trustee(s), examiner(s), or receiver(s).

25. The failure specifically to include any particular provision of the APA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the APA be authorized and approved in its entirety.

26. No stay of execution, pursuant to Bankruptcy Rule 6004(h) or otherwise, shall apply with respect to this Order. This Order shall become effective and selfexecuting according to its terms.

27. The APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

28. This Court shall retain jurisdiction to enforce any provisions of this Order.

DATED: New York, New York
         May 20, 2010

                                      /s/Burton R. Lifland
                                      HONORABLE BURTON R. LIFLAND
                                      UNITED STATES BANKRUPTCY JUDGE

EXHIBIT A

A copy of the Asset Purchase Agreement
will be annexed to the final form of the Order